Case 18.

## Carpenter *vs.* Miles.

ORD. PET.                    APPEAL FROM NELSON CIRCUIT.

1. A defect of parties appearing on the petition is cause of demurrer. (*Code of Practice, sec.* 123.)
2. Where defect of parties is made to appear by the answer, the court should require the necessary parties to be made on pain of dismissal of the suit. (*Civil Code, sec.* 400.)
3. The real owner of a note sued on is a necessary party plaintiff to a suit to recover the amount, and no judgment for the money can be rendered unless he is a party. The payee is a proper party plaintiff also.

Miles held a note on Carpenter for five hundred dollars, which he sold to Wilson, and passed it by delivery only. Suit was brought in the Nelson circuit court on the note in the name of Miles, the payee. The defendant answered, alledging that Miles had sold the note before suit brought, and assigned it to

Turner Wilson, who was the person really interested in the recovery. Miles replied, admitting the fact. The plaintiff demurred to answer. The court sustained the demurrer, and rendered judgment for the plaintiff for the amount of the note, and defendant has appealed.

*S. Carpenter, jr.*, for appellant—

On the 7th day of April, 1852, Samuel Carpenter executed his promissory note to Ann Miles for the sum of $500. This note was assigned by Ann Miles to Turner Wilson, on the — day of ———; and after the assignment suit was brought on said note in the name of Ann Miles. The defendant in the circuit court, (Carpenter,) in his answer, stated that before the institution of this suit, Ann Miles, the plaintiff, had sold, transferred and delivered the note sued on to Turner Wilson, and that at the time of instituting said suit, Ann Miles had no real interest in said note, nor at any time since; and she was called on, by interrogatories, to answer the above facts. Ann Miles answered and said she had, by her agent, sold, transferred and delivered said note to Turner Wilson before the institution of the suit—and that at the time of the institution of the suit, and ever since, she had no real interest in the note. Turner Wilson, for whose benefit the suit was prosecuted, by his attorney, demurred to the defendant's (Carpenter) answer.

The court sustained the demurrer, and gave judgment against the defendant for the debt, interest and costs; to all of which the defendant (Carpenter) excepted, and prayed an appeal.

Before the new Code was adopted, the following points were fully settled, viz:

1st. That an assignment may be made on a separate piece of paper. (2 *Bibb*, 83; 3 *Monroe*, 46.)

2d. That an assignee cannot maintain a suit in the name of the assignor. (*Hardin*, 561.)

CARPENTER
*vs.*
MILES.

3d. An assignment, even after suit was commenced, would abate the suit. (1 *Marshall*, 556.)

4th. Every action must be prosecuted in the name of the *real party* in interest. (*Code of Practice, section* 30.)

Mrs. Miles had no *real interest* in the suit when commenced, nor at any time since.

For the foregoing reasons the judgment of the circuit court was erroneous, and a reversal is respectfully asked.

*James Harlan* on the same side—

The demurrer to the answer of the defendant admits the allegations thereof, and that presents the question whether the action could proceed in the name of Ann Miles, who had no interest whatever in any recovery to be had?

That question must be answered by the Code of Practice. The 30th section of which provides that— "*Every action* MUST be prosecuted in the *name* of the *real party in interest.*"

Now, it is conceded that Turner Wilson is the real party in interest; and can a party who is not interested, prosecute the action against the positive command of the Code? The word *must* is a word that this court cannot overlook or disregard. If, when the law says an act *shall be done* in a prescribed manner, can the court permit the act to be done in a different manner?

A judge of this court once said that a statute was like an iron rod, it cut down everything that came in its way. Its positive command cannot be avoided by a court. There is no room for construction; the language is plain, simple and direct, and susceptible of but one construction.

I think the judgment should be reversed, and cause remanded with instructions to overrule the demurrer to the answer of defendant, with leave to the plaintiff to amend her petition, and make Wilson a party plaintiff.

*C. A. Wickliffe* for appellee—

The object of the appeal, I presume, is two-fold. First, to gain time. Secondly, to try the question whether Wilson, who was equitable owner of the note, is the person in whose name the suit is to be instituted at law.

Carpenter owed Miles, by note $500, borrowed money. Miles sold the note, and transferred the same by delivery only. There was no written assignment of the *chose in action*.

A suit was instituted in the name of Miles for the benefit of Wilson. The defense was that Wilson by transfer, was the *real* owner of the debt. The plea, or answer, does not aver the transfer to Wilson to be in writing. The court was applied to to substitute Wilson's name for Miles; it was opposed by defendant, and the court overruled the motion, and gave judgment against the answer of the defendant.

It is contended by the appellee, that by the 30th section of the Code of Practice, Wilson alone is the proper person to sue, and not Miles for his, Wilson's, benefit.

If this question has been before this court since the passage of the Code, I am not aware of it. If, as this book was intended to simplify the practice, and promote and hasten justice, it should be so construed by the court as to advance that end in cases of doubtful expression.

The section under consideration is but the assertion of a general principle, that every action must be prosecuted in the name of the real party in interest. There is nowhere in the Code a provision giving the beneficial owner of a note not assigned as required by the statute, viz, in writing, the right to sue in his own name. We are to presume the legislature and the codifiers acquainted with the existing statute and current of decisions upon the subject of the assignment of promissory notes; that the assignment must be in writing to authorize the

CARPENTER
*vs.*
MILES.

assignee to maintain a suit in his own name. When a party was by such assignment vested with a right to sue, he could not sue in the name of the assignor, and the 30th section of the Code was designed to declare this principle.

But if the section is to be construed thus technically, it might be well to consider whether Mrs. Miles is not a party really interested in this suit; not directly interested, but really interested in compelling Carpenter to pay over to her the money for the use of Wilson, as she is responsible for the amount?

If Carpenter's construction of the section be the true one, he should not have opposed the substitution of Wilson's name when offered in the court below.

December 29.

Judge STITES delivered the opinion of the court:

1. A defect of parties appearing on the petition is cause of demurrer. (*Code Prac., sec.* 123.

2. When defect of parties is made to appear by the answer, the court should require the necessary parties to be made on pain of dismissal of the suit. (*Civil Code, sec.* 400.)

3. The real owner of a note sued on is a necessary party plaintiff to a suit to recover the amount, and no judgment for the money can be rendered until he is a party. The payee is a proper party plaintiff also.

A defect of parties, apparent upon the face of the petition, is cause for demurrer; and when not thus apparent, is an objection to be taken in answer. (*Civil Code, sec.* 123.)

An answer presenting such objection, may be regarded as a dilatory plea; not, however, resulting, even when sustained by proof, in a dismissal or abatement of the action, but furnishing a ground for an order of court requiring the additional parties to be made, on pain of dismissal without prejudice.

The defect of parties here did not appear in the petition, and the objection was properly taken by answer. That Wilson was the actual beneficiary of the suit, and equitable holder of the note, appeared by the response of the plaintiff, who was the payee, to defendant's interrogatories. The payee was a proper party, but Wilson, the beneficiary, was a necessary party, and the suit could not have rightfully proceeded without his being a co-plaintiff.

The answer was sustained by the plaintiff's response, showing Wilson's interest; and although not presenting in bar of the action, certainly did present

an obstacle to a recovery until the necessary parties were made, and was, so far as it professed to go, sufficient upon demurrer. The demurrer to it ought to have been overruled, and the plaintiff required to make Wilson a co-plaintiff, and in failing to comply, have been dismissed without prejudice. (*Civil Code, sec.* 400.)

It appears, however, that Wilson did apply to be made a party, and was denied; but when he applied, or whether his application was resisted by plaintiff, does not appear.

It is not certain that the substantial rights of appellant have been prejudiced by the judgment, but as the Civil Code (*section* 30) requires peremptorily an action to be prosecuted in the name of the real party in interest, and as the court refused to require Wilson, who was the real party in interest, to be made a co-platiniff, though the objection for defect of such party was taken in pr oper time and manner, and the ground made manifest by the plaintiff's showing, we feel constrained to reverse the judgment for that reason.

The judgment is reversed, and cause remanded with directions to the circuit court to set the same aside, and require Wilson to be made a co-plaintiff, and for other proceedings consistent with this opinion.